UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MALDONADO,

    Petitioner,                                             Case No. 21-cv-11710
                                                       Honorable Linda V. Parker

v.

JONATHAN HEMINGWAY,

    Respondent.

_____/

## OPINION AND ORDER (1) GRANTING THE MOTION TO LIFT STAY, (2) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (3) DENYING THE MOTION TO APPOINT COUNSEL, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

        Petitioner Jose Maldonado, confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his conviction for felon in possession of a firearm out of the United States District Court for the Northern District of Illinois. The petition was held in abeyance while Petitioner's motion to vacate sentence was pending in the United States District Court for the Northern District of Illinois.

        Petitioner has moved to lift the stay of proceedings. For the reasons that follow, the motion to lift the stay is GRANTED. The Clerk of the Court is directed to reopen the case to the court's active docket. The petition for a writ of habeas

corpus is DENIED because this Court lacks subject matter jurisdiction over the petition.

## I. Background

Petitioner is a federal prisoner convicted of conspiracy to possess more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); using the telephone to facilitate a narcotics offense, in violation of 21 U.S.C. § 843(b); and unlawful possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1), following a jury trial in the United States District Court for the Northern District of Illinois.

Petitioner's conviction was affirmed on appeal. *United States v. Maldonado,* 893 F.3d 480, 482 (7th Cir. 2018).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois, which remained pending in that court at the time the current petition was filed in this district.

Petitioner sought habeas relief, claiming that he is actually innocent of the felon in possession conviction in light of the Supreme Court decision of *Rehaif v. United States,* 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court held that to convict a defendant of felon in possession of a firearm, the Government had to prove not only that the defendant knew that he possessed a firearm but also had to

prove that the defendant knew of his status as a felon which would prohibit him from possessing or owning a firearm. *Id.* at 2200.

This Court found that Petitioner's § 2241 petition was not ripe for consideration because his § 2255 motion to vacate remained pending before the sentencing judge in the Northern District of Illinois.  As long as the § 2255 motion remained pending, Petitioner was unable to show that his remedy under that statute was inadequate so as to allow his claim to come within § 2241's saving clause allowing Petitioner to seek habeas relief from his federal conviction. *Maldonado v. Hemingway*, No. 2:21-CV-11710, 2022 WL 340582, at *2 (E.D. Mich. Feb. 4, 2022).

Although Petitioner's motion to vacate sentence did not initially contain a claim that he is actually innocent of the felon in possession charge, the Court ruled that this did not make the remedy under § 2255 inadequate because Petitioner could possibly amend his pending motion to vacate sentence to add his *Rehaif* claim.  Until Petitioner made an attempt to amend his motion to vacate sentence to add a claim that he is innocent of being a felon in possession of a firearm, any § 2241 challenge to this conviction was premature.  *Id.*  In the interests of justice, this Court transferred Petitioner's § 2241 petition to the United States District Court for the Northern District of Illinois for consideration as a possible amended motion to vacate sentence. *Id.* at *3.  This Court, however, stayed the petition and

3

held it in abeyance pending any decision by the judge in the Northern District of Illinois to either grant or deny Petitioner permission to amend his petition and add a *Rehaif* claim. *Id.*

The judge in the Northern District of Illinois initially denied Petitioner's motion to vacate sentence without addressing the *Rehaif* claim. However, the judge asked the United States Court of Appeals for the Seventh Circuit to issue a remand order permitting the judge to address this claim. The Seventh Circuit remanded the case to the Northern District of Illinois to permit Petitioner to amend his motion to vacate to add the *Rehaif* claim. *United States v. Maldonado,* Case No. 1:19-cv-06436, *1-2 (N.D. Ill. Jan. 4, 2023).[1] On remand, the judge in the Northern District of Illinois denied Petitioner's *Rehaif* claim, finding it to be both barred by the statute of limitations and to be without merit. *Id.* at *3-4. The Seventh Circuit denied Petitioner a certificate of appealability and dismissed the appeal. *Maldonado v. United States*, No. 22-2784, 2023 WL 6845840 (7th Cir. June 28, 2023).

Petitioner has now moved for this Court to lift the stay and adjudicate his habeas petition.

---

[1] See https://ilnd-ecf.sso.dcn/doc1/067128079351. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

4

## II. Discussion

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of other remedies. *See e.g., Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). The judge in the Northern District of Illinois denied Petitioner's motion to vacate sentence. The petition is now ripe for adjudication. The Clerk of the Court is ordered to reopen the case.

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally

5

barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303; *Charles v. Chandler,* 180 F.3d at 756. Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) to expire. *Charles,* 180 F.3d at 758.

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

Petitioner claims that he is entitled to habeas relief because he is actually innocent of the felon in possession of a firearm conviction in light of the Supreme Court's holding in *Rehaif*.

Until recently, many courts, including the Sixth Circuit, held that where the Supreme Court has interpreted a statute to narrow the range of conduct that the statute prohibits, the petitioner could obtain habeas relief under § 2241 if he could show: (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and

6

(4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (citing *Wooten v. Cauley*, 677 F.3d at 307-08)(internal quotation marks omitted).

The United States Supreme Court recently held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 143 S. Ct. 1857, 1864 (2023). In so ruling, the Supreme Court indicated:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

*Id.* at 1869. Therefore, if a federal prisoner wishes to challenge his conviction or sentence, he must comply with the limitations set out in § 2255(h). *Id*.

Petitioner's § 2241 petition is foreclosed by the Supreme Court's holding in *Jones*, because his "*Rehaif* claim mirrors the claim raised by the petitioner in *Jones*." *Ocampo v. Hemingway*, No. 22-1994, 2023 WL 7870635, at *2 (6th Cir. Nov. 13, 2023). Petitioner is not entitled to relief because his § 2241 petition amounts to an improper "end-run around AEDPA." *Jones*, 143 S. at 1868.

7

Accordingly, the Court dismisses the petition because it lacks subject matter jurisdiction over the case. *Ocampo*, 2023 WL 7870635, at *2.[2]

Because this Court lacks subject matter jurisdiction over the case, Petitioner's motion for the appointment of counsel is denied. *See e.g. Richmond v. Joyner*, No. 20-6162, 2021 WL 4847508, at *3 (6th Cir. May 4, 2021).

### III. Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to habeas relief under § 2241. The Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DENIED.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); Petitioner need not apply for one before filing an appeal from the denial of his habeas petition. Nevertheless, a petitioner seeking to appeal the denial of such

---

[2] Even if this Court had subject matter jurisdiction over the case, Petitioner would not be entitled to habeas relief on his *Rehaif* claim because it was already adversely decided against him by the judge in the Northern District of Illinois when that judge denied the motion to vacate sentence. Petitioner's habeas application is barred by the doctrine of claim preclusion, because Petitioner's claim is virtually identical to the claim that he raised in his prior motion to reduce the sentence before the United States District Court for the Northern District of Illinois. *See e.g. Smith v. Reno,* 3 F. App'x 403 (6th Cir. 2001). Because Petitioner's substantive claim has already been decided adversely against him in his prior motion to vacate sentence, he would have been unable, even prior to the Supreme Court's decision in *Jones v. Hendrix*, to raise his *Rehaif* claim again in a § 2241 habeas petition. *See Casey v. Hemingway,* 42 F. App'x 674, 676-77 (6th Cir. 2002).

a petition *in forma pauperis* must obtain permission before doing so. The Court is granting Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) brought pursuant to 28 U.S.C. § 2241 is **DENIED WITH PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the stay is lifted.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is granted leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager

9